UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ROSEMARY DONAHOO, | Case No.: 16cv1340 JLS (KSC) |
|---|---|
| Plaintiff, | **ORDER DENYING EX PARTE MOTION TO APPEAR TELEPHONICALLY AT ENE** |
| v. | |
| OMNI HOTELS MANAGEMENT CORPORATION, and DOES 1–10, | Doc. No. 8 |
| Defendant. | |

On July 28, 2016, plaintiff filed an *ex parte* Motion requesting permission to attend the August 31, 2016 Early Neutral Evaluation conference ("ENE") telephonically. [Doc. No. 8.] Plaintiff asserts that she resides in "Aztec, New Mexico and apart from the costs to travel to California for the ENE, she is not physically fit to make the trip." *Id.* at 2. Plaintiff asserts, *inter alia*, that she has limited mobility in her left ankle from the alleged injury and has significant pain requiring assistance to preform physical activities. *Id.*

This Court has previously explained that all counsel and parties are required to personally attend ENE conferences. [Doc. No. 7.] "One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference." *Id.* at 2, *citing Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003).

Here, plaintiff has failed to provide adequate good cause for her request to appear telephonically. Unsupported assertions from counsel regarding plaintiff's fitness to travel and the "the risk of physical injury/exacerbation to [plaintiff] if she is required to personally appear," are insufficient to establish good cause. Should plaintiff seek to renew the request for a telephonic appearance, she must furnish a letter from a treating physician who has evaluated plaintiff's condition within the past two months. The letter shall set forth, in detail: (1) why plaintiff cannot travel by plane or car to the ENE conference; (2) what risks of injury/exacerbation does plaintiff face if she travels by plane or car; (3) why the ascribed risks are any greater than her daily activities; and, (4) why the risks associated with travel cannot be mitigated through medical assistance devices such as a wheel chair.

Plaintiff filed the original Complaint in San Diego Superior Court in California, which was removed to this Court on June 3, 2026. While she enjoys the benefits of litigating in this District, she must also be prepared to comply with the corresponding rules and responsibilities. Accordingly, the Joint Motion to appear telephonically at the August 31, 2016 ENE is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: August 9, 2016

Hon. Karen S. Crawford
United States Magistrate Judge